ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ÁNGEL MIRANDA OTERO; ÁNGEL MIRANDA COLÓN<br><br>Recurrente<br><br>v.<br><br>WINDMAR P.V. ENERGY INC. H/N/C WINDMAR HOME Y SUNNOVA ENERGY CORP.<br><br>Recurrido | KLRA202300498 | *Revisión* procedente del Departamento de Asuntos del Consumidor, Oficina Regional de Arecibo<br><br>Caso Núm. ARE-2023-0004423<br><br>Sobre: Revisión Administrativa |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Juez Aldebol Mora y el Juez Cruz Hiraldo[1]

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

I.

El 5 de diciembre de 2022, el Sr. Ángel Miranda Colón radicó *Querella* ante el Departamento de Asuntos del Consumidor (DACo) contra Sunnova Energy Corp. (Sunnova), y Windmar PV Energy Inc. (Windmar). Sostuvo que sus padres habían contratado a Windmar para la instalación de placas solares en su hogar, y que, durante el proceso de instalación, los empleados habían ocasionado múltiples daños al techo de la propiedad. Arguyó que se encontraban insatisfechos con el servicio de instalación pues habían sido informados que a largo plazo los daños originados ocasionarían filtraciones de agua dentro del hogar. Además, alegó que, su padre fue engañado sobre los detalles del contrato de obras y servicios. Finalmente, solicitó que el sistema fuera removido de la propiedad y que se repararan los daños producidos. El 17 de enero de 2023, el señor Miranda Colón presentó *Enmienda a la Querella* a los efectos de que, apareciera como querellante principal, su padre el Sr. Ángel

---

[1] Véase Orden Administrativa OATA-2023-191 de 8 de noviembre de 2023.

Número Identificador

SEN2023_____

M. Miranda Otero quien suscribió el contrato de servicio y es el dueño de la propiedad afectada.

El 20 de enero de 2023, Sunnova presentó ante DACo *Moción de Desestimación por Falta de Legitimación Activa*. Planteó que, el señor Miranda Colón carecía de legitimación activa para presentar la *Querella*. Además, sostuvo que, aunque el señor Miranda Colón pudiese presentar la querella en nombre de su padre, DACo carecía de jurisdicción sobre la materia, toda vez que, el reclamo debía presentarse en el foro de arbitraje. Arguyó que el contrato suscrito con Sunnova contenía una cláusula de arbitraje, para dilucidar las controversias entre las partes.

Nuevamente, el 6 de febrero de 2023, Sunnova instó *Moción Solicitando Referido a Arbitraje y/o Desestimación por Falta de Jurisdicción*. Planteó que, DACo carecía de jurisdicción sobre la materia, toda vez que el contrato entre las partes justificaba la paralización del procedimiento para iniciar el reclamo en el foro de arbitraje. A esos efectos, anejó el contrato suscrito entre las partes el 3 de julio de 2022 y una enmienda que se realizó el 3 de noviembre de 2022. Finalmente, le solicitó a DACo que desestimara el reclamo y refiriera la controversia para arbitraje.

Atendidas las *Mociones*, el 15 de agosto de 2023, notificada el 22, DACo emitió *Resolución Sumaria* y desestimó la *Querella* por carecer de jurisdicción para adjudicar la controversia planteada. Razonó, que, el señor Miranda Otero había aceptado las cláusulas y condiciones impuestas en el contrato con Sunnova, donde acordaban dilucidar cualquier controversia mediante arbitraje. Finalmente, DACo concluyó que el señor Miranda Otero debía presentar la controversia ante el foro de arbitraje.

Insatisfecho, el 19 de septiembre de 2023, el señor Miranda Otero acudió ante nos mediante *Escrito de Apelación*. Sostiene que DACo cometió el siguiente error:

**ERRÓ EL DACO AL RESOLVER QUE, AL FIRMAR EL CONTRATO EL QUERELLANTE ANGEL MIRANDA OTERO ACEPTÓ EL MISMO CON SUS CLAÚSULAS Y CONDICIONES. DETERMINAMOS Y CONCLUIMOS QUE ESTE DEPARTAMENTO NO TIENE JURISDICCIÓN PARA ADJUDICAR LA CONTROVERSIA PLANTEADA. POR LO QUE PROCEDE EL CIERRE Y ARCHIVO DE LA QUERELLA DE EPÍGRAFE. PARA ATENDER RECLAMACIONES ENTRE LAS PARTES, ESTOS DEBEN CUMPLIR CON LA OBLIGACIÓN CONTRACTUAL DE ARBITRAJE POR HABERLO PACTADO EXPRESAMENTE ASÍ. EL QUERELLANTE DEBERÁ PRESENTAR LA CONTROVERSIA ANTE EL FORO DE ARBITRAJE.**

El 21 de septiembre de 2023, emitimos *Resolución* concediéndole término de cinco (5) días al señor Miranda Otero para que nos suministrara varios documentos necesarios para auscultar nuestra jurisdicción. Igualmente, le concedimos a Windmar y Sunnova término de treinta (30) días para que presentaran su oposición al recurso incoado.

El 4 de octubre de 2023, el señor Miranda Otero presentó ante nuestra consideración *Escrito Informativo* en cumplimiento con lo ordenado. Posteriormente, el 12 de octubre de 2023, Windmar y Sunnova presentaron *Comparecencia Especial Conjunta Solicitando Desestimación por Incumplimiento con Orden de este Honorable Foro.* Alegaron que, el señor Miranda Otero había presentado pasado el término de cinco (5) días los documentos solicitados por este Honorable Tribunal.

Con el beneficio de la comparecencia de las partes y el Derecho, procedemos a resolver.

II.

A.

En nuestro ordenamiento jurídico, impera el principio de libertad de contratación.[2] A esos efectos, el Artículo 1232 del Código Civil de Puerto Rico,[3] prescribe que, "[l]as partes pueden acordar

---

[2] *Arthur Young & Co.* v. *Vega III*, 136 DPR 157, 169 (1994); *Guadalupe Solís* v. *González Durieux*, 172 DPR 676, 683 (2007).
[3] 31 LPRA § 9753.

cualquier cláusula que no sea contraria a la ley, a la moral o al orden público". Por ello, lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley.[4] Los contratos en Puerto Rico se perfeccionan por el mero consentimiento, y, desde ese momento, las partes se obligan al cumplimiento de lo expresamente pactado y a todas las consecuencias que, según su naturaleza, sean conformes a la buena fe, al uso y a la ley.[5] Un contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras a dar alguna cosa o prestar algún servicio.[6] Nuestro Tribunal Supremo ha expresado que en las obligaciones contractuales la ley primaria es la voluntad de las partes, y los tribunales no pueden relevar a una parte de cumplir con lo pactado cuando es legítimo y no contiene vicio alguno.[7]

B.

Como parte de la libertad de contratación, las partes pueden incluir en sus contratos una cláusula de arbitraje. Ello, permite dirimir ante un árbitro, las posibles controversias futuras derivadas de su relación contractual.[8] El arbitraje se ha definido como una figura jurídica inherentemente contractual que, por su naturaleza convencional, se puede exigir únicamente cuando se ha pactado y cuando se haya hecho constar por escrito.[9] En tal sentido, si los contratantes han convenido que un tipo particular de disputa

---

[4] Íd., § 9753.
[5] Artículo 1237 del Código Civil de 2020, 31 LPRA § 9771; *Pérez Rodríguez* v. *López Rodríguez,* 210 DPR 163, 230 (2022); *Betancourt González* v. *Pastrana Santiago*, 200 DPR 169, 182 (2018).
[6] *Pérez*, 210 DPR, pág. 230; *Demeter Int'l* v. *Srio. Hacienda,* 199 DPR 706, 726-727 (2018)
[7] *Oriental Financial* v. *Nieves,* 172 DPR 462, 471 (2007). *De Jesús González* v. *A.C.,* 148 DPR 255, 271 (1999).
[8] *H.R., Inc.* v. *Vissepó & Diez Const. Corp.*, 190 DPR 597, 605 (2014) que cita a *S.L.G. Méndez Acevedo* v. *Nieves Rivera*, 179 DPR 359, 366-367 (2010).
[9] *S.L.G. Méndez Acevedo,* 179 DPR, pág. 367.

se resolverá por medio del arbitraje, el tribunal no puede vulnerar ese acuerdo y decidir qué tal disputa no será arbitrada.[10]

### III.

En el presente caso, el señor Miranda Otero sostiene que erró DACo al concluir que no tenía jurisdicción para atender la controversia, por existir una cláusula de arbitraje en el contrato suscrito entre las partes. No le asiste razón. Veamos porqué.

Según esbozado previamente, las partes suscribieron un contrato de servicio para la instalación de placas solares en el hogar del señor Miranda Otero. Dicho contrato contiene una cláusula de arbitraje para atender las controversias que pudieran suscitarse entre las partes. No existiendo controversia sobre la relación contractual y la validez de cláusula de arbitraje pactada, no podemos ignorar dicho acuerdo. Ante ello, concluimos que la controversia existente entre las partes debe ser dilucidada mediante el procedimiento de arbitraje.

### IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *World Films, Inc.* v. *Paramount Pict. Corp.*, 125 DPR 352, 357-358 (1990); *Bird Const.Corp.* v. *AEE,* 152 DPR 928, 937 (2000).