ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ÁNGEL CRUZ CABRERA<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400459 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Solicitud de Remedio: PP-67-24<br><br>Módulo o Vivienda: F4-mz-114<br><br>Sobre: Liquidación de Sentencia |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El 15 de agosto de 2024, el señor Ángel Cruz Cabrera, (en adelante, el señor Cruz Cabrera o parte recurrente), presentó el recurso de epígrafe ante este Tribunal. Por medio de este, nos solicita que revisemos la *Respuesta del Área Concernida/Superintendente* del Departamento de Corrección y Rehabilitación (en adelante, parte recurrida o DCR). En la Respuesta, el DCR expresó que se le estaría orientando y entregando una nueva Hoja de Control en los próximos días. Posteriormente, el DCR luego de acogida una solicitud de *Reconsideración* instada por el aquí recurrente, la denegó y sostuvo su determinación de que se encontraba en trámite de gestionar y atender lo solicitado.

Cabe recalcar que el peticionario sometió una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,* la cual está debidamente cumplimentada. Tomando en consideración su condición de confinado, se acepta y aprueba la *In*

*Forma Pauperis* según presentada. Por otro lado, luego de evaluar el escrito presentado, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, *desestimamos* el recurso presentado mediante los fundamentos que expondremos a continuación.

**-I-**

El señor Cruz Cabrera presentó el 18 de marzo de 2024 una Solicitud de Remedio Administrativo, solicitando que se realizara una corrección a su sentencia por esta contener cómputos errados. Señaló que, la Hoja de Liquidación de Sentencia fue emitida el 23 de noviembre de 2020, toda vez que, la sentencia fue dictada originalmente el 12 de febrero de 1996.

Según surge del expediente ante nos, la *Solicitud de Remedio Administrativo* fue contestada por la Técnico de Récord Penal, la señora Ivette M. Vega Serrano el 23 de abril de 2024 y notificada al recurrente el 4 de junio de 2024. El DCR en su *Respuesta del Área Concernida/Superintendente* indicó que en los próximos días el Técnico de Récords lo estaría orientando y entregando una nueva Hoja de Liquidación de Sentencia. No obstante, por no estar de acuerdo con la respuesta emitida, el señor Cruz Cabrera presentó una *Solicitud de Reconsideración* el 14 de junio de 2024. Conforme se desprende de los autos, la parte recurrida el 10 de julio de 2024 y notificada el 14 de julio de 2024 denegó la *Reconsideración* sosteniendo que la Hoja de Control está en proceso de redacción por lo que debía dar seguimiento a través de su Técnico Socio Penal.

Inconforme, el señor Cruz Cabrera presentó este recurso en el que hace el siguiente señalamiento de error:

> Erró el DCR por conducto de la División de Remedios Administrativos al denegar la solicitud del peticionario aun cuando indican que la liquidación está en proceso de respuesta brindada por mas de tres (3) años a través de otros medios.

-**II**-

-**A**-

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Íd.* De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Pueblo v. Ríos Nieves, supra,* pág. 273-274. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Por otro lado, según se ha definido, **un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta**. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). (Énfasis suplido). Por tanto, un recurso prematuro carece de eficacia y no produce

efectos jurídicos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). **Un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo.** *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370. (Énfasis suplido). **Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.** *Yumac Home v. Empresas Massó, supra*, pág. 107. (Énfasis suplido).

### -III-

Según se desprende de la *Respuesta de Reconsideración al miembro de la Población Correccional* emitida el 9 de julio de 2024, por la División de Remedios Administrativos del DCR indicó que:

> "[e]n consulta con la Sra. Gladys E. Colón Millán, supervisora de récord criminal, informa que el expediente fue evaluado por su colega, la Sra. Ivette Vega. **Sin embargo, la liquidación de sentencia está en proceso en ser redactada por la Sra. Colón**. Se exhorta al miembro de la población correccional a dar seguimiento el caso a través de su social".

Tal como podemos observar, la *Respuesta de Reconsideración al miembro de la Población Correccional* no equivale a una resolución u orden que pueda ser revisable por este Tribunal. **Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno.** *Bird Const. Corp. v. AEE et al*, 152 DPR 928, 935-936 (2000). Así pues, **la disposición final de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al**

**concluir que no hay jurisdicción.** Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Surge del expediente que, al momento en el cual el señor Cruz Cabrera presentó el recurso, la parte recurrida no ha emitido una determinación final sobre su solicitud. Así las cosas, por no tener carácter de finalidad la *Respuesta de Reconsideración al miembro de la Población Correccional* recurrida, estamos impedidos de atender el recurso presentado por el recurrente. **La disposición final de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.** Por tanto, según lo expuesto, no tenemos jurisdicción para considerar el recurso de referencia, pues el mismo es prematuro.

### -IV-

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente Sentencia, se *desestima* el recurso de epígrafe. Lo aquí dispuesto no impide que una vez el DCR emita su dictamen final, el señor Cruz Cabrera presente el recurso correspondiente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones