Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JOMAR OTERO CRUZ<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00358 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Pase extendido con monitoreo electrónico |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante nos, por derecho propio, el recurrente Jomar Otero Cruz, mediante un recurso de revisión judicial en el que solicita que revisemos una determinación del Programa de Desvíos del Departamento de Corrección y Rehabilitación, emitida y notificada por la agencia recurrida el 3 de noviembre de 2025. Mediante esta, la agencia recurrida determinó *posponer* la solicitud del recurrente sobre pase extendido con monitoreo electrónico. Ello, tras razonar que dicha solicitud requiere la evaluación del Comité de Derechos de las Víctimas.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación es prematura. Veamos.

## I

Según surge del recurso ante nos, el 19 de octubre de 2023, Jomar Otero Cruz (Otero Cruz o el recurrente) fue sentenciado a seis (6) años de cárcel por infracción a los artículos 189 y 190 del *Código Penal de Puerto Rico 2012*, Ley Núm. 146-2012, según enmendada,

33 LPRA secs. 5259 y 5260, en grado de tentativa. Actualmente, se encuentra confinado en la Institución Correccional Guerrero, en Aguadilla, bajo la custodia y supervisión del Departamento de Corrección y Rehabilitación (Departamento de Corrección).

Recientemente, Otero Cruz solicitó que el Programa de Desvíos del Departamento de Corrección le evalúe para fines de cualificarse para participar del Programa de Pase Extendido con Monitoreo Electrónico. Tras evaluar la solicitud que presentó el recurrente a esos efectos, el Programa de Desvíos emitió la siguiente determinación: *Pospuesto*. Como fundamento, el Programa de Desvíos expuso lo siguiente: "Requiere evaluación del Comité de Derechos de las Víctimas según lo dispuesto en el Plan de Reorganización del DCR #2 del 21 de noviembre del 2011 en su Artículo #17, 18 y 19". Esta determinación fue notificada el 3 de noviembre de 2025.

Insatisfecho, el 10 de noviembre de 2025, el recurrente instó el recurso de epígrafe.[1] Tras evaluar el planteamiento esbozado por Otero Cruz, procedemos a la disposición del recurso ante nos.[2]

## II

### A

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha

---

[1] Sin embargo, el recurrente acreditó que depositó el recurso en el correo el 6 de noviembre de 2025.

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdiccciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

**B**

El Artículo 4.006 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y(c), solo autoriza al Tribunal de Apelaciones a revisar las órdenes o **resoluciones finales** emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113 (2023). De este modo, una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone**

**fin a la controversia ante la agencia, sin dejar asunto pendiente alguno**. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías et al.,* 144 DPR 483, 490 (1997). Así, pues, el sistema propende a agotar, en primera instancia, los remedios provistos a nivel administrativo, antes de que proceda la intervención del foro judicial para revisar las determinaciones de las agencias.

Cónsono con lo anterior, la sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]. (Énfasis nuestro).

Asimismo, la doctrina de agotamiento de remedios administrativos está recogida en la citada sección. Dicha doctrina constituye, junto a la de jurisdicción primaria,[3] una norma de abstención judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento adecuado. *Igartúa de la Rosa v. A.D.T.*, 147 DPR 318, 331 (1998). Su objetivo principal es evitar una intervención judicial innecesaria y a destiempo que tienda a

---

[3] Sobre la doctrina de jurisdicción primaria, el Tribunal Supremo dispone que esta se utiliza para determinar qué foro tiene jurisdicción original para dilucidar una controversia, si el judicial o el administrativo, en aquellos casos en que haya incertidumbre al respecto, de acuerdo con las funciones gubernamentales que la Asamblea Legislativa les delega a algunas agencias administrativas. Véase, *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 709 (2014).

interferir con el cauce y desenlace normal del procedimiento administrativo. *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347, 355 (1988).

Así, pues, la doctrina de agotamiento de remedios administrativos constituye un requisito jurisdiccional que no debe ser soslayado. Ello, a menos que se configure alguna de las limitadas excepciones que, al amparo de nuestro ordenamiento jurídico, justifican evadir el trámite administrativo. *Igartúa de la Rosa v. A.D.T.*, supra, pág. 331. De forma cónsona, la sección 4.3 de la LPAU dispone las excepciones a la referida doctrina:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

3 LPRA sec. 9673.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

Luego de analizar el recurso de epígrafe, llama a nuestra atención que la determinación del Programa de Desvíos de la cual Otero Cruz recurre ante este Foro es la siguiente: *Pospuesto*. Así, en el dictamen recurrido, el Programa de Desvíos razona que el motivo por el cual *pospone* la adjudicación de la solicitud del recurrente para que se le permita disfrutar del Programa de Pase Extendido con Monitoreo Electrónico, es que esta requiere la Evaluación del Comité de Derechos de las Víctimas. Lo anterior, de conformidad con los artículos 17, 18 y 19 del Plan de Reorganización Núm. 2-2011,

según enmendado, conocido como *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*.[4]

En virtud de todo lo anterior, no albergamos duda respecto a que, de conformidad con la doctrina de agotamiento de remedios administrativos, nos encontramos impedidos de pasar juicio sobre la corrección de un trámite administrativo que aún no ha culminado. Esto, debido a que Otero Cruz no nos solicita la revisión de una resolución administrativa que revista carácter final y que, de conformidad con la LPAU, sea revisable ante este Foro. Consecuentemente, es forzoso concluir que la presentación del recurso ante nos es prematura, por lo que carecemos de jurisdicción para dilucidarlo.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación resulta prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Los referidos artículos versan sobre "Notificación inicial a la víctima de delito"; "Creación del Comité de Derechos de las Víctimas de Delito y nombramiento de sus miembros" y "Celebración de vista sobre privilegio de programa de desvío y determinación sobre el mismo", respectivamente.