ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CARMEN L. SOTO TELLADO Y/O LEONOR ARCE<br><br>Parte Peticionaria<br><br>V.<br><br><br>AUTO GERMANA INC. BMW FINANCIAL SERVICES BMW OF NORTH AMERCIA, LLC<br><br>Parte Recurrida | TA2025CE00841 | *CERTIORARI* procedente del Departamento de Asuntos del Consumidor<br>_____<br>Querella Núm.: SAN-2019-0005824<br>_____<br>SOBRE:<br>COMPRA VENTA DE VEHÍCULO DE MOTOR |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece ante nos Carmen Soto y Leonor Arce (en adelante, parte "peticionaria") para solicitar la expedición del auto de *certiorari* para revisar la *Orden*[1] emitida el 22 de octubre de 2025 por el Departamento de Asuntos del Consumidor (en adelante "DACo"). Mediante la referida *Orden*, el foro administrativo declaró *No Ha Lugar* la *Moción para Ordenar Respuestas al Descubrimiento de Pruebas y para Imponer Sanciones* presentada por la peticionaria y mantuvo las fechas señaladas para la continuación de la vista administrativa, sin la reapertura de un descubrimiento de prueba.

---

[1] Apéndice Núm. 2 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

Por los fundamentos que exponemos a continuación, **desestimamos** el presente recurso por falta de jurisdicción.

-I-

En lo pertinente a la controversia que nos ocupa, y referente a una Querella presentada por la parte peticionaria, el 22 de octubre de 2025, DACo emitió una *Orden* en la que declaró *No Ha Lugar* la *Moción para Ordenar Respuestas al Descubrimiento de Pruebas y para Imponer Sanciones.* En síntesis, concluyó que la naturaleza del proceso administrativo y la legislación aplicable al DACo opera bajo un marco procesal más flexible que los tribunales de justicia, incluyendo los mecanismos de descubrimiento de prueba. Aclaró que en este caso, se permitió un descubrimiento de prueba sumamente limitado de manera excepcional, pero que, sin embargo, eso no debía interpretarse como una apertura a un descubrimiento de prueba adicional, como aplicaría bajo las reglas de procedimiento civil en un tribunal. Enfatizó que el proceso cumplió cabalmente con las garantías del debido proceso de ley y mantuvo el señalamiento de fechas para la continuación de la vista administrativa.

Inconforme, el 1 de diciembre de 2025, la peticionaria acudió ante nos mediante una *Petición de Certiorari*[2] y señaló los siguientes errores:

> **PRIMERO: EL TRIBUNAL ADMINISTRATIVO FUE INDUCIDO A ERROR POR INFORMACIÓN INCORRECTA PROVISTA POR LA REPRESENTACIÓN DE LOS QUERELLADOS, LO QUE RESULTÓ EN LA DENEGACIÓN DEL DESCUBRIMIENTO DE PRUEBA Y EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY, A UNA ADECUADA**

---

[2] Entrada Núm. 1 del SUMAC TA.

**REPRESENTACIÓN Y PODER PREPARAR, PRESENTAR Y DEFENDER SU CASO.**

**SEGUNDO: LA DENEGACIÓN DEL DESCUBRIMIENTO DE PRUEBA Y LA LIMITACIÓN DE PARTICIPACIÓN OCURRIERON MIENTRAS EL ÚNICO ABOGADO AUTORIZADO DE LA PARTE SE ENCONTRABA INDISPUESTO POR SU ESTADO DE SALUD, Y AUN ASÍ EL FORO ADMINISTRATIVO IMPIDIÓ QUE LA PARTE PUDIERA EXPRESARSE, LO QUE CONSTITUYE UNA VIOLACIÓN MANIFIESTA AL DERECHO A REPRESENTACIÓN ADECUADA, Y AL DEBIDO PROCESO DE LEY.**

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), optamos por prescindir de la comparecencia de la parte recurrida, para disponer de manera eficiente el asunto.

-II-

A. Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[3] Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia.[4] Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros.[5]

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco

---

[3] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[4] *Íd*, pág. 385.
[5] *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[6]

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay.[7] A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia.[8]

## B. Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, "LPAU") declara como política pública de Puerto Rico el "alentar la solución informal de las controversias administrativas de manera que resulte innecesaria la solución formal de los asuntos sometidos ante la agencia".[9] Para ello, la LPAU permite que las agencias establezcan las reglas y procedimientos que regirán ante sí para la solución rápida e informal de las controversias; siempre salvaguardando los derechos garantizados por ley.[10]

Ahora bien, el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de

---

[6] *Allied Mgmt. Group v. Oriental Bank*, *supra*.
[7] *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).
[8] *Íd.*
[9] Sección 1.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9602.
[10] *Íd.*

2003[11] autoriza al Tribunal de Apelaciones a revisar las **órdenes o resoluciones finales** emitidas por organismos o agencias administrativas.[12] Una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone fin a la controversia ante la agencia, sin dejar asunto pendiente alguno.**[13] De otro lado, una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. No obstante, la disposición interlocutoria del organismo administrativo podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.[14]

Como corolario de lo anterior, la precitada LPAU establece un proceso para revisión judicial en la que dispone que "[u]na parte adversamente afectada por una **orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones[…]".[15] Nótese que el mecanismo de la revisión judicial está disponible cuando, y solo cuando, la agencia u organismo administrativo haya emitido una orden o resolución final.

---

[11] Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003[11], Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y(c)
[12] *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99. 113 (2023). [Énfasis Nuestro].
[13] *Bird Const. Corp. v. A.E.E.*, 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997). [Énfasis Nuestro].
[14] *Íd*.
[15] Sección 4.2 de la LPAU, supra, 3 LPRA sec. 9672. [Énfasis Nuestro].

**-III-**

En este caso, la parte peticionaria acude ante nos mediante una petición de *certiorari*. Sin embargo, de una leída somera del escrito, es evidente que, de lo que recurre es de una decisión administrativa. Ahora bien, examinando el escrito en su totalidad, no procede la expedición de un *certiorari*, por no cumplir con los elementos necesarios para su expedición, ni tampoco procede como una revisión judicial, ya que la *Orden* recurrida no es una orden ni resolución final emitida por la agencia.[16]

**-IV-**

Por los fundamentos antes expuestos, se **desestima** el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[16] Mantenemos la clasificación alfanumérica de epígrafe por motivos de economía procesal.