Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MUNICIPIO DE AÑASCO<br><br>Recurrente<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS; LLE DEVELOPMENT CORP.<br><br>Recurridos | KLRA202300555 | *REVISIÓN JUDICIAL* Procedente de la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos<br><br>Núm.: 2023-500380-SDR-012972<br><br>Sobre: Solicitud de Permiso de Extracción de Corteza Terrestre |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Diaz Rivera y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de marzo de 2024.

Comparece el recurrente, Municipio de Añasco ("recurrente") mediante recurso de revisión judicial. Solicita la revisión de la *Resolución* emitida y notificada el 28 de septiembre de 2023 por la División de Revisiones Administrativa de la Oficina de Gerencia de Permisos ("DRA de la OGPe"), con relación a una solicitud de permiso de extracción de corteza terrestre presentada por LLE Development Corporation ("LLE"). Mediante esta, la DRA de la OGPe determinó, a solicitud de partes, devolver el caso a la Junta Adjudicativa de la Oficina de Gerencia de Permisos ("Junta Adjudicativa de la OGPe") para continuar la evaluación de los asuntos presentados.

Por los fundamentos que expondremos a continuación se desestima el presente *Recurso de Revisión Judicial* por falta de jurisdicción.

Número Identificador

SEN2024_____

**I.**

Conforme surge del expediente de autos, el 10 de noviembre de 2020, la LLE presentó una solicitud de permiso simple para extracción de corteza terrestre -en una finca ubicada en la PR-401 Final del Barrio Añasco Abajo del Municipio de Añasco- ante la Junta Adjudicativa de la OGPe identificada con la codificación alfanumérica 2020-340582-PCT-005125. Como parte del proceso de evaluación, la Junta Adjudicativa de la OGPe celebró varias vistas públicas en los siguientes días: 18 de julio, 9 de septiembre y 21 de octubre de 2022.

Posteriormente, el 15 de junio de 2023, la Junta Adjudicativa de la OGPe emitió una *Resolución*, notificada el 22 de junio de 2023, en la cual consideró NO FAVORABLE la solicitud de permiso para la extracción de corteza terrestre.

Inconforme, el 12 de julio de 2023, la LLE presentó una solicitud de revisión administrativa ante la DRA de la OGPe donde solicitó la revisión de la determinación NO FAVORABLE al permiso para la extracción de corteza terrestre.

La referida revisión administrativa fue acogida el 26 de julio de 2023 por la DRA de la OGPe. Así las cosas, el 3 de agosto de 2023, la DRA de la OGPe emitió una orden pautando la vista de revisión administrativa para el 22 de agosto de 2023.

En conjunto, el 21 de agosto de 2023, LLE y OGPe presentaron una *Solicitud de Devolución* en la cual solicitaron que se devolviera el caso a la OGPe para su correspondiente evaluación y resolución.

Según pautado, el 22 de agosto de 2023, la DRA de la OGPe celebró la vista de revisión administrativa a través de Microsoft Teams presidida por el Oficial Examinador, Luis A. Builtrago Amaro. Además, allí comparecieron los siguientes por medios de sus representantes: LLE, el Municipio de Añasco, el Programa Sea Grant UPR, la Comisión de Desarrollo Región Oeste del Senado de Puerto Rico, Surfrider Foundation Rincón y Juan C. Martínez Cruzado.

En lo aquí pertinente, se argumentó lo siguiente durante la mencionada vista administrativa: (1) la LLE planteó que el Reglamento Núm. 9233 del 2 de diciembre de 2020, conocido como Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios ("Reglamento Conjunto 2020"), no requiere que se explique la razón de la *Solicitud de Devolución* del caso a la OGPe; y (2) el Municipio de Añasco planteó que aunque recibió notificación de la *Solicitud de Devolución,* desconocen la razón que motivo la misma y solicitó que se emitiera una resolución con la debida explicación a esos efectos. Por otro lado, la Comisión de Desarrollo Región Oeste del Senado de Puerto Rico mostró su apoyo al planteamiento del Municipio de Añasco.

Finalmente, el 1 de septiembre de 2023, el Oficial Examinador preparó un *Informe de Vista* en el cual recomendó declarar HA LUGAR la solicitud de devolución del caso a la OGPe.

Así las cosas, el 28 de septiembre de 2023, la DRA de la OGPe emitió una *Resolución* donde determinó devolver el caso a la Junta Adjudicativa de la OGPe y realizó el apercibimiento sobre los remedios disponibles. Es decir, se acogieron las recomendaciones del Oficial Examinador. Además, la referida *Resolución* fue notificada a los siguientes por medios de sus representantes: LLE, el Departamento de Desarrollo Económico y Comercio de la OGPe, el Municipio de Añasco, el Programa Sea Grant UPR, la Comisión de Desarrollo Región Oeste del Senado de Puerto Rico, Surfrider Foundation Rincón, la Asamblea Legislativa Municipio de Añasco, la Junta de Planificación, Carlos A. Torres Báez, Roberto L. Díaz Díaz y Juan C. Martínez Cruzado.

Inconforme, el 26 de octubre de 2023, el Municipio de Añasco acude ante nosotros mediante *Recurso de Revisión Judicial.* Mediante este, adujo que la DRA de la OGPe cometió el siguiente error:

> ERRO (sic) LA DIVISION (sic) DE RECONSIDERACIONES DE LA OFICINA DE GERENCIA DE PERMISOS AL PERMITIR LA DEVOLUCION (sic) DEL CASO

PREVIAMENTE DENEGADO POR LA MISMA AGENCIA LUEGO DE UN EXTENSO TRAMITE (sic) DE VISTAS PUBLICAS (sic) SIN JUSTIFICAR Y FUNDAMENTAR DE MANERA PUBLICA (sic) CLARA Y PRECISA LOS MOTIVOS PARA LA APLICACIÓN (sic) DE LA SECCION (sic) 11.1.2.11 DEL REGLAMENTO CONJUNTO EN PERJUICIO A TODAS LAS PARTES PARTICIPANTES EN EL PROCESO.

Por otro lado, el 1 de noviembre de 2023, la OGPe del Departamento de Desarrollo Económico y Comercio presentó una *Solicitud de Desestimación y Oposición a Solicitud de Revisión* en la cual arguye que el recurrente no tiene legitimación activa para incoar el *Recurso de Revisión Judicial* debido a lo siguiente: (1) las únicas Partes reconocidas como tal dentro del procedimiento administrativo fueron la OGPe y LLE; y (2) aunque el recurrente participó en las vistas públicas nunca fue considerado Parte ni este presentó una solicitud formal de intervención. Además, el 9 de noviembre de 2023, presentó una copia del expediente administrativo

A esos efectos, el 9 de noviembre de 2023, el recurrente presentó una *Réplica a Desestimación* mediante la cual alegó que la *Resolución* recurrida reconoció como partes a los que asistieron a la vista de revisión. Sin embargo, sostuvo que no fueron considerados en la solicitud de devolución ni expresaron el motivo de la referida devolución.

Asimismo, el 21 de noviembre de 2023, LLE presentó una *Solicitud de Desestimación y Oposición a Solicitud de Revisión Judicial* donde reiteró los planteamientos de la OGPe sobre la falta de legitimación activa del recurrente y añadió que el recurso ante nos debe ser desestimado por haberse presentado prematuramente. LLE plantea que este Tribunal de Apelaciones no tiene jurisdicción por no existir una decisión que revisar.

Con el beneficio de la comparecencia escrita de las partes, damos por sometido el asunto y resolvemos.

## II.

### A. Revisión Judicial

El Artículo 4.006 (c) de la Ley Núm. 201-2003, según enmendada, conocida como la "Ley de la Judicatura de 2003", dispone que mediante el recurso de revisión judicial el Tribunal de Apelaciones acogerá, como cuestión de derecho, "las **decisiones, órdenes y resoluciones <u>finales</u>** de organismos o agencias administrativas". 4 LPRA sec. 24y (énfasis suplido).

Por su parte, la Sección 4.6 de la Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, la "LPAU"), establece –en su parte pertinente– lo siguiente:

> **El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas**. 3 LPRA sec. 9676 (énfasis suplido).

Asimismo, la Sección 4.2 del precitado estatuto expone que:

> Una parte adversamente afectada por una **orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación **oportuna de una moción de reconsideración**. 3 LPRA sec. 9672 (Énfasis suplido).

Además, la Sección 3.14 de la referida pieza legislativa dispone que:

> La **orden o resolución [final] advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones**, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzaran a correr dichos términos. 3 LPRA sec. 9654 (énfasis suplido).

Es decir, este Tribunal está facultado para revisar aquellas determinaciones administrativas que sean finales. Así también lo

establece la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 56. Esta dispone el trámite a seguir para la revisión administrativa y limita tal procedimiento a las determinaciones administrativas finales.

Aunque la LPAU no define el término "orden o resolución final", la jurisprudencia ha determinado que estas se refieren "a las decisiones que ponen fin al caso ante la agencia, que tienen efectos sustanciales sobre las partes". *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483, 490 (1997).

## B. Jurisdicción

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Ruiz Camilo v. Trafon Group, Inc,* 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.* Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Íd., *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis,* Inc., 158 DPR 345, 355 (2003).

## C. Legitimación Activa en el proceso administrativo

La legitimación activa es una doctrina de autolimitación judicial, mediante la que se analiza si la parte compareciente es la parte adecuada para cuestionar una actuación gubernamental. *Hernández*

*Montañez v. Parés Alicea*, 208 DPR 727 (2022). Específicamente, se ha definido a la legitimación activa como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).

Para que una parte tenga legitimación activa debe demostrar la existencia de varios elementos, a saber: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto e hipotético; (3) existe un nexo causal entre el daño sufrido y la acción ejercitada; y (4) que su causa de acción surge al amparo de la ley o la Constitución. *Íd.*

Ahora bien, la Sección 3.5 de la LPAU dispone el procedimiento para solicitar intervenir en un procedimiento adjudicativo:

> Cualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia podrá someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento. La agencia podrá conceder o denegar la solicitud, a su discreción, tomando en consideración entre otros los siguientes factores:
>
> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
>
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
>
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
>
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
>
> (f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
>
> (g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o

asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.

La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención. 3 LPRA sec. 9645.

Por otro lado, en *Fund. Surfrider y otros v. ARPe,* 178 DPR 563 (2010), el Tribunal Supremo de Puerto Rico señaló que debe distinguirse la legitimación requerida para participar en la agencia administrativa versus la legitimación requerida para solicitar la revisión judicial. Además, añade que "[e]l hecho de haber participado en el proceso administrativo no le asegura que posea legitimación necesaria y requerida para la intervención judicial". *Fund. Surfrider y otros v. ARPe, supra* citando a D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 500.

Exclusivamente, para tener legitimidad para presentar un recurso de revisión judicial se tienen que satisfacer dos requisitos: (1) ser parte y (2) estar "adversamente afectado" por la decisión administrativa. *Mun. de Aguada v. JCA,* 190 DPR 122 (2014); *Fund. Surfrider y otros v. ARPe, supra,* págs. 575-576.

En cuanto al primer criterio, se ha resuelto que una "parte" es: 1) toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en la acción; 2) la persona que se le permita intervenir o participar; 3) la persona que haya radicado una petición para la revisión o cumplimiento de una orden, y 4) la persona que sea designada como parte en el procedimiento. 3 LPRA sec. 9603(k); *Fund. Surfrider y otros v. ARPe, supra,* pág. 576.

De otro lado, respecto al segundo criterio que postula que debe establecerse que la parte esté adversamente afectada se resolvió que se

requiere que la afectación le sea adversa o desfavorable a sus intereses. *Fund. Surfrider y otros v. ARPe., supra*, pág. 577.

Sin embargo, nuestro más Alto Foro ha expresado que los criterios de la legitimación activa deben interpretarse de manera flexible y liberal para la parte promovente del pleito, cuando se trate de una acción en contra de agencias y funcionarios gubernamentales. *Ramos, Méndez v. García García, supra; Bhatia Gautier v. Gobernador, supra.*

### III.

En el presente *Recurso de Revisión Judicial*, el Municipio de Añasco, mediante el único señalamiento de error, alegó que la DRA de la OGPe erró al permitir la devolución del caso a la Junta Adjudicativa de la OGPe sin considerar la participación de las personas y entidades en las vistas de revisión, y sin justificar los motivos para ese proceder. Sin embargo, de entrada, estamos obligados a auscultar nuestra jurisdicción para atender el recurso de epígrafe.

Por consiguiente, avisamos que jurisdiccionalmente estamos impedidos de entrar en los méritos toda vez que el recurrente carece de legitimación activa para instar el presente recurso de revisión judicial. Veamos.

Tal y como repasamos en el ápice II de esta Sentencia, para que una parte posea legitimación activa ante el foro judicial y pueda cuestionar una determinación administrativa, el litigante tiene que haber sido parte en el proceso administrativo ante la agencia y poseer un interés que pueda ser adversamente afectado. *Mun. de Aguada v. JCA, supra; Fund. Surfrider y otros v. ARPe, supra.*

Aquí, el recurrente no demostró que contara con legitimación activa para instar el recurso de revisión judicial ante este tribunal.

Primero, el recurrente no es Parte del caso ventilado ante la DRA de la OGPe. Surge del expediente que el recurrente no es la persona a quien se dirige la acción administrativa, ni fue designado como Parte en

el procedimiento ni tampoco solicitó formalmente ser Parte a través del mecanismo de intervención. Aunque sí podemos señalar que el recurrente participó de las vistas públicas del procedimiento administrativo y recibió notificación de la Resolución recurrida. No podemos olvidar la norma reiterada y vigente en nuestro ordenamiento jurídico: "[e]l hecho de haber participado en el proceso administrativo no le asegura que posea legitimación necesaria y requerida para la intervención judicial". *Fund. Surfrider y otros v. ARPe, supra.* Es decir, no todo el que participa en el procedimiento administrativo tiene legitimación activa para ser parte en la revisión judicial.

Segundo, las alegaciones hechas por el recurrente en el recurso, así como en su *Réplica a Desestimación* no establecieron hechos que demostraran que la *Resolución* recurrida le afectara adversamente. El Municipio de Añasco solamente argumentó que la determinación sobre la petición de devolución realiza por la DRA de la OGpe se llevó a cabo sin discutir las razones y motivos con los participantes mediante el trámite de vistas públicas. Por lo tanto, sus alegaciones no son suficientes para cumplir con el interés requerido para tener derecho a revisión judicial. Reiteramos que no es suficiente que la actuación gubernamental tenga un efecto sobre el litigante, sino que ese efecto tiene que ser adverso o desfavorable a sus intereses. Así que, ante ese escenario, se requiere que el recurrente alegue un daño particular y concreto. No bastan meras alegaciones en el vacío para adjudicarse legitimación activa.

En consecuencia, ante la ausencia de los criterios de legitimación aquí apuntados no podemos ejercer el poder de la revisión judicial, pues, venimos llamados a resolver controversias genuinas y no cuestiones abstractas e hipotéticas que no tengan consecuencias entre las partes. Así las cosas, es forzoso concluir que procede la desestimación del caso de epígrafe, debido a que el recurrente carece de legitimación activa.

**IV.**

Por todo lo anterior, *se desestima* el recurso de epígrafe bajo el fundamento de falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones