CONSTRUCTORA CELTA, INC., peticionaria, *v.* AUTORIDAD DE LOS PUERTOS DE PUERTO RICO y MISENER MARINE CONSTRUCTION, INC., recurridas.

*Número:* CC-2000-416        *Resuelto:* 10 de diciembre de 2001

*Rebeca Barnés Rosich* y *Antonio F. Molina Pérez*, abogados de los peticionarios; *Neville Ortiz Soto* y *Juan B. Soto Balbas*, abogados de la Autoridad de los Puertos de Puerto Rico, parte recurrida; *Lydia M. Ramos Cruz*, abogada de Misener Marine Construction, Inc., parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

La Constructora Celta, Inc. nos solicita que revoquemos una sentencia del Tribunal de Circuito de Apelaciones que desestimó un recurso de revisión presentado ante dicho foro por no haberse agotado los remedios administrativos. Dicha empresa había recurrido a dicho foro apelativo para impugnar la adjudicación de una subasta sin haber solicitado reconsideración ante la Junta Apelativa de Subastas, según requerido por el Reglamento de Subastas de la Autoridad. Confirmamos.

I

En 1999, la Autoridad de los Puertos de Puerto Rico (en adelante Puertos) subastó la construcción de un proyecto denominado *Rehabilitation of Wharves A, B, E & F, Puerto Nuevo Waterfront San Juan, Puerto Rico*. A dicha subasta compareció la Constructora Celta, Inc. (en adelante Celta) junto a otros licitadores. Notificada por Puertos de que la subasta fue adjudicada a otro licitador, Misener Marine Construction (en adelante Misener), Celta recurrió directamente al Tribunal de Circuito de Apelaciones sin haber solicitado reconsideración ante la Junta Apelativa de Subastas. Ante dicho foro apelativo sostuvo que la Junta de Subastas erró al determinar que Celta carecía de experiencia, adjudicando la subasta a Misener.

Oportunamente Misener solicitó la desestimación de dicho recurso alegando que el foro apelativo carecía de jurisdicción porque Celta no agotó los remedios administrativos provistos por el Reglamento de Subastas de la Autoridad

de Puertos. El Tribunal de Circuito de Apelaciones acogió dicho fundamento y desestimó el recurso.

Inconforme, Celta acude ante nos mediante una petición de *certiorari* en la que esencialmente expone que el Tribunal de Circuito de Apelaciones erró al entender que la presentación de una moción de reconsideración ante la Junta de Apelaciones de Subastas es un remedio que hay que agotar antes de acudir en revisión judicial de la decisión administrativa. Después de examinar los alegatos de todas las partes estamos en posición de resolver.

## II

La Sec. 3.19 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. sec. 2169, que rige la adjudicación de subastas en las agencias administrativas, expresamente dispone que estos procedimientos serán informales. Además, delega a cada una de las agencias concernidas la reglamentación de las normas y los términos de dichos procedimientos. Véanse: *RBR Const., S.E. v. A.C.*, 149 D.P.R. 836 (1999); *Cotto v. Depto. de Educación*, 138 D.P.R. 658 (1995). Por ende, "[l]a reglamentación de los procedimientos será de la entera competencia de los organismos administrativos concernidos. Para ello será menester adoptar un reglamento con fuerza de ley por cada agencia". D. Fernández Quiñónez, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., Bogotá, Ed. Forum, págs. 202–203.

A tenor con dicha facultad, la Autoridad de los Puertos aprobó el Reglamento Núm. 900 de Subastas de la Autoridad de los Puertos de Puerto Rico, Reglamento Núm. 4294 del Departamento de Estado de 10 de agosto de 1990 (en adelante el Reglamento) estableciendo las normas que se han de seguir en la celebración de subastas efectuadas por la entidad con relación a la compra de materiales,

equipo, mobiliario, suministro de servicios, contratación de proyectos de construcción o de mantenimiento, y la venta de propiedad excedente o abandonada. Dicho Reglamento fue aprobado por la Autoridad con el propósito de conformar sus reglamentos de adjudicación de subastas a lo dispuesto por la Sec. 1.6 de la L.P.A.U., 3 L.P.R.A. sec. 2105, y fue debidamente presentado en el Departamento de Estado. Véase, además, *Mar-Mol Co., Inc. v. Adm. Servicios Gens.*, 126 D.P.R. 864, 874 (1990), y el Reglamento.

■ El Reglamento creó una Junta de Subastas para evaluar las propuestas y hacer recomendaciones al Director Ejecutivo de los Puertos para la adjudicación correspondiente. También establece una Junta Apelativa de Subastas con jurisdicción para resolver las mociones de reconsideración presentadas por los licitadores adversamente afectados por una decisión de la Junta de Subastas. En específico se le delegó a la Junta Apelativa la "jurisdicción sobre los casos de reconsideración que radiquen los licitadores después de haber comparecido a una subasta". Sec. 900.10 A(2) del Reglamento.

■ Sobre este extremo el Reglamento también contiene un procedimiento apelativo con términos breves para presentar la apelación y acudir en revisión judicial, según lo preceptuado por la L.P.A.U. En específico, la citada Sec. 900.10 del Reglamento requiere que cualquier impugnación de las decisiones que adjudiquen una subasta se haga mediante una moción de reconsideración presentada ante la Junta Apelativa de Subastas dentro del término de diez (10) días naturales contados a partir de la fecha de notificación de la subasta en cuestión. Se exige, además, que junto con la moción de reconsideración el apelante someta una fianza para garantizar los daños que pueda ocasionar su apelación a la Autoridad. La Junta deberá considerar la moción dentro de los diez (10) días de haberse presentado y su decisión deberá incluir las conclusiones de hechos y de derecho en que se fundamenta.

■ Por otro lado, según lo requerido por la Sec. 3.19 de la L.P.A.U., *supra*, el Reglamento también dispone que, si la Junta de Apelaciones toma alguna decisión en reconsideración, el término para acudir en revisión judicial empezará a contar desde la fecha cuando se archiva en autos una copia de la notificación de la decisión de la Junta de Apelaciones. No obstante, si no se toma acción alguna dentro de los diez (10) días de haberse presentado la moción de reconsideración, se entenderá que el recurso ha sido rechazado de plano, y a partir de esa fecha comenzará a transcurrir el término para la revisión judicial. Íd.

■ Debemos recordar, además, que la L.P.A.U. reconoce el derecho de la parte adversamente afectada por la decisión final a solicitar revisión judicial de la determinación administrativa dentro de los términos fijados por ley. 3 L.P.R.A. sec. 2172; *L.P.C. & D., Inc. v. A.C.*, 149 D.P.R. 869 (1999). Así, pues, los procedimientos de adjudicación de subastas son informales, pero los procesos de reconsideración y de revisión judicial, son formales. Véanse: *Velázquez v. Adm. de Terrenos*, 153 D.P.R. 548 (2001); *Cotto v. Depto. de Educación*, supra, pág. 663.

■ Uno de los requisitos con los cuales debe cumplir la parte afectada por una decisión administrativa al acudir a los tribunales para la revisión judicial de dicha decisión, es agotar los remedios administrativos. Con el requisito del agotamiento se evita una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347 (1988). Además, se facilita la revisión judicial y se asegura que los tribunales tengan información más precisa sobre los fundamentos de la actuación gubernamental para poder tomar una decisión más informada sobre el recurso instado. *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988).

Este requisito surgió inicialmente como uno de carácter jurisprudencial. Véase, *e.g., A.C.A.A. v. Tribunal Superior*,

101 D.P.R. 518 (1973). Sin embargo, la L.P.A.U. lo codificó en su Sec. 4.2, al especificar que:

> Una parte adversamente afectada por una orden o resolución final de una agencia *y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente* podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones .... (Énfasis suplido.) 3 L.P.R.A. sec. 2172.

■ Esta exigencia de agotar remedios administrativos no debe ser soslayada, a menos que se configure alguna de las excepciones que bajo nuestro ordenamiento jurídico justifiquen preterir dicho cauce. Véase sobre este extremo a *Igartúa de la Rosa v. A.D.T.*, 147 D.P.R. 318 (1998), y la Sec. 4.3 de la L.P.A.U., 3 L.P.R.A. sec. 2173.

■ En lo que respecta a la revisión judicial de las subastas, la Sec. 4.2 de la L.P.A.U., *supra*, expresamente dispone que sólo se podrán revisar las decisiones de la agencia que finalmente adjudiquen las controversias entre las partes:

> En los casos de impugnación de subasta, la parte adversamente afectada *por una orden o resolución final* de la agencia, o *de la entidad apelativa de subastas*, según sea el caso, *podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones*, dentro de un término de diez (10) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o la entidad apelativa, o dentro de los diez (10) días de haber transcurrido el plazo dispuesto por la sec. 2169 de este título .... (Énfasis suplido.) 3 L.P.R.A. sec. 2172.

Como vemos, las resoluciones administrativas que pueden ser revisadas judicialmente deben ser finales. Además, tienen que estar debidamente fundamentadas de tal forma que puedan ser adecuadamente revisadas por los tribunales. *L.P.C. & D., Inc. v. A.C.*, supra.

■ Conforme a las disposiciones reglamentarias y legales aludidas, concluimos que en los casos de impugna-

ción de subastas de la Autoridad, el licitador que está inconforme con una decisión tiene que presentar una moción de reconsideración ante la Junta Apelativa de Subastas antes de acudir en revisión judicial. En el caso particular de autos, en el que el Reglamento que rige los procedimientos de adjudicación de las subastas establece una entidad administrativa apelativa para considerar las impugnaciones de dichas adjudicaciones, no cabe duda de que un licitador impugnador tiene que agotar este remedio administrativo antes de acudir al Tribunal de Circuito de Apelaciones. *Mar-Mol Co., Inc. v. Adm. Servicios Gens.*, supra.

## III

En el caso de autos, la parte peticionaria presentó directamente su recurso de revisión ante el Tribunal de Circuito de Apelaciones, sin acudir previamente a la Junta Apelativa mediante una moción de reconsideración.

No cabe duda de que la resolución u orden final de la que puede recurrirse ante el Tribunal de Circuito de Apelaciones es la determinación de la Junta Apelativa. La carta de 14 de diciembre de 1999 que recibió el Sr. Miguel Redondo, Presidente de Celta Construction, y de la cual recurrió, no era más que la notificación del resultado de la subasta. Esta carta advirtió debidamente a Celta que si no estaba conforme con la decisión tenía que presentar una moción de reconsideración en diez (10) días ante la Junta Apelativa de Subastas. Sin embargo, Celta ignoró dicha notificación y, en vez de acudir a la Junta Apelativa de Subastas, fue directamente al Tribunal de Circuito de Apelaciones.

Como correctamente concluyó el Tribunal de Circuito de Apelaciones, el análisis de dicho recurso de revisión refleja que los errores alegados son precisamente los que por su experiencia la Junta estaba en mejor posición para

adjudicar. Ellos esencialmente cuestionaban que la decisión violó disposiciones legales y reglamentarias, y que el licitador agraciado no cumplía con las especificaciones de la subasta. Como bien señaló el foro apelativo, "[c]ontrario a lo alegado por Celta, no hay en el recurso cuestión de derecho envuelta que competa ser dilucidada por los tribunales en primera instancia, ni se dan las otras circunstancias de agotamiento de los remedios administrativos".

El procedimiento correcto era acudir primero a la Junta Apelativa, pues hasta que la resolución de ésta no se emite, no empieza a correr el término en el cual puede recurrirse a la revisión judicial. No encontramos razones para determinar que en este caso podía obviarse este recurso administrativo, por lo que debió agotarse este remedio antes de acudir al Tribunal de Circuito. Resolver lo contrario permitiría que se acuda directamente a los tribunales de una decisión carente de determinaciones y conclusiones para sustentarla, cuando hay un organismo apelativo administrativo como la Junta Apelativa de Subastas quien tiene la responsabilidad de adjudicar las apelaciones mediante decisiones debidamente fundamentadas y que pueden ser revisadas por los tribunales adecuadamente.

Además, acudir a destiempo directamente al foro judicial trae como resultado que Celta no tenga que cumplir con el requisito reglamentario obligatorio de prestación de fianza para acudir a la Junta Apelativa.

■  Finalmente, contrario a lo expuesto por Celta en su recurso ante nos, los problemas que tuvieron para examinar el expediente de la subasta no le impidieron la presentación de una moción de reconsideración ante la Junta Apelativa. Recordemos que la notificación del resultado de la subasta exige que ésta, además de informar la disponibilidad y el procedimiento para solicitar reconsideración, esté fundamentada, aunque sea de forma sumaria. *RBR Const., S.E. v. Carreteras A.C.,* supra. De aquí se deduce que, si se conocen las razones de la adjudicación de la su-

basta a otro licitador, quien la impugna tiene suficiente información para justificar su apelación administrativa.

Las dificultades de Celta para obtener el expediente no eran impedimento para presentar el recurso de reconsideración a tiempo, tal y como ésta alega. En la carta de adjudicación *se le notificaba el fundamento para rechazar su propuesta*, y éste era que Celta no tenía la experiencia requerida para la complejidad, el costo y la magnitud del proyecto. Partiendo de esta notificación, Celta podía presentar un recurso de reconsideración similar al presentado ante el Tribunal de Circuito.

Por los fundamentos expuestos anteriormente, *procede que se expida el auto de "certiorari" y se dicte una Sentencia que confirme la decisión del Tribunal de Circuito de Apelaciones.*