Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| LEONEL SANTIAGO LÓPEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | KLRA202300449 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo núm.:<br>ICG-1129-2023 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Concluimos que procede la desestimación del recurso de referencia pues, al presentarse el mismo, la agencia recurrida no había emitido una decisión final, ello ante el hecho de que el recurrente no solicitó reconsideración de la respuesta obtenida a su solicitud de remedio administrativo. Veamos.

I.

La acción de referencia es promovida, por derecho propio, contra el Departamento de Corrección y Rehabilitación ("Corrección"), por el Sr. Leonel Santiago López (el "Recurrente"), un miembro de la población correccional, con el fin de que Corrección le traslade de custodia protectiva a la población general.

En agosto de este año, el Recurrente presentó una Solicitud de Remedio Administrativo; expuso que deseaba salir de custodia protectiva, la cual admitió había solicitado por "razones familiares".

Corrección, a través de una Evaluadora, le notificó al Recurrente, el 15 de agosto, una Respuesta mediante la cual se le informó que, al haber solicitado custodia protectiva, y al haber sido asignado a la misma por el Comité de Clasificación y Tratamiento,

tendría que cumplir el remanente de su sentencia "con este tipo de custodia". La Evaluadora hizo referencia a lo dispuesto en el Manual para la Clasificación de los Confinados, Reglamento Núm. 9151 de 22 de enero de 2020, Sección 9, Inciso VI(3).[1]

Inconforme, el 24 de agosto, el Recurrente presentó el recurso que nos ocupa.

A solicitud nuestra, Corrección sometió copia del expediente de la solicitud de remedio administrativo y, además, consignó su postura en cuanto al recurso de referencia. Corrección resaltó que, en marzo de 2023, el Recurrente solicitó ser trasladado a custodia protectiva, por problemas con la población de custodia general. Indicó que ello había sido aprobado por el Comité de Clasificación y Tratamiento.

Corrección advirtió que, menos de cinco meses después, el Recurrente presentó la solicitud de remedio de referencia. Subrayó que, actualmente, el Recurrente "se encuentra ubicado en el edificio de módulos de custodia protectiva de la Institución Correccional Guerrero y cuenta con custodia mínima", "se encuentra referido a trabajo en brigadas" y puede recibir "servicios y particip[ar] en actividades".

II.

En conexión con el proceso de remedios administrativos, una decisión de Corrección no es final y revisable por este Tribunal hasta que el (o la) Coordinador(a) resuelva la "reconsideración". Véase, por ejemplo, Sentencia de 30 de junio de 2016, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201600453.

---

[1] Este inciso dispone que: "Si el confinado que haya entrado voluntariamente a la Unidad de Especial de Vivienda (Segregación) por custodia protectiva, solicita por escrito y señala que continúa la necesidad de la custodia protectiva, el Comité de Clasificación y Tratamiento realizará la revisión del caso, asignará permanentemente la custodia protectiva y se solicitará traslado a una institución designada para confinados de custodia protectiva. Una vez asignada de manera oficial por el Comité de Clasificación y Tratamiento y trasladado a una institución o modulo designado a custodia protectiva, el confinado cumplirá el remanente de su sentencia en instituciones designadas a esta población".

Por tanto, este Tribunal no tiene jurisdicción para revisar las respuestas iniciales emitidas por el (o la) "Evaluador(a)" a las solicitudes de remedios administrativos presentadas por un miembro de la población correccional. En vez, el confinado debe esperar a tener una decisión del (o la) Coordinador(a), la cual, de ordinario, sí sería revisable ante este Tribunal.

El Reglamento 8583 de Corrección (*Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*) ("Reglamento 8583") dispone, ante una solicitud de remedio, que un "Evaluador" de Corrección emitirá una "Respuesta", en la cual "contesta la solicitud de[] remedio". Regla IV (20) del Reglamento 8583, *supra.*

De dicha respuesta, el confinado puede solicitar "revisión" a un "Coordinador", quien deberá emitir una "Resolución" que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada". Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra.*

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, el recurso de revisión judicial presupone la existencia de una decisión, orden o resolución final de un organismo o agencia administrativa. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su

función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Según se puede apreciar del esquema reglamentario adoptado por Corrección, la "respuesta" del (o la) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Como cuestión reglamentaria, y en la práctica, estas "respuestas" no contienen determinaciones de hecho ni conclusiones de derecho. Más importante aún, el Reglamento contempla que el confinado solicite la revisión de dicha respuesta a un "Coordinador", quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho.

Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal. Así lo resolvió este Tribunal, también, en *Rosario Vega v. Departamento de Corrección,* KLRA201600643, Sentencia de 30 de junio de 2016.

No tiene importancia ni pertinencia el que Corrección haya (mal) denominado el recurso de revisión al Coordinador como una "reconsideración". La realidad es que, sustantivamente, se trata de una apelación administrativa interna, sin lo cual no puede hablarse de que Corrección haya emitido una decisión final revisable ante este Tribunal. Véanse, por ejemplo, *Constructora Celta, Inc. v. A.P.,* 155 DPR 820 (2001); *Bird Const. Corp., supra.*

En la medida que el Reglamento 8583, *supra,* contiene disposiciones que "permiten" que este Tribunal revise una respuesta emitida por un(a) Evaluador(a) (sea porque no se presentó la

"revisión" o "reconsideración" ante el (o la) Coordinador(a), o porque el (o la) Coordinador(a) no la consideró oportunamente o la denegó de plano, sin las determinaciones de hecho y conclusiones de derecho correspondientes), las mismas son nulas, pues son contrarias al mandato de ley según el cual, como explicamos arriba, este Tribunal solamente puede revisar cierto tipo de decisiones "finales" de una agencia.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

III.

El recurso que nos ocupa se presentó sin que el Recurrente hubiese obtenido una decisión final que pueda ser objeto de revisión por este Tribunal. Ello porque el Recurrente no presentó una

solicitud de reconsideración de la Respuesta obtenida a raíz de la presentación de la solicitud de remedio administrativo de referencia.

Por tanto, al haberse presentado de forma prematura, no tenemos jurisdicción para considerar el recurso de referencia y, por tal razón, se desestima el mismo.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones