Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ROBERTO QUIÑONES RIVERA | | Revisión procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| Recurrente | KLRA202400121 | |
| v. | | Caso núm.: B-2079-23 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | Sobre: Suspensión de Empleo |
| Recurrido | | |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Como se explica a continuación, procede la desestimación del recurso de referencia pues el recurrente no acreditó que la agencia recurrida haya emitido una decisión final.  Veamos.

I.

El Sr. Roberto Quiñones Rivera (el "Recurrente"), miembro de la población correccional, presentó una Solicitud de Remedio Administrativo (la "Solicitud") ante el Departamento de Corrección y Rehabilitación ("Corrección").  Planteó que le privaron injustificadamente, y sin el debido proceso, de realizar sus "labores del área de ropería".

Corrección, a través de una Evaluadora, le notificó al Recurrente, el 18 de enero de 2024, una Respuesta mediante la cual se le informó que había sido "removido de su trabajo por medidas de seguridad".

El 29 de enero, el Recurrente presentó una Solicitud de Reconsideración de la referida respuesta (la "Reconsideración").

Número Identificador
SEN2024_____

Al no recibir respuesta, el Recurrente, por derecho propio, presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Solicitud.  Disponemos.

II.

En conexión con el proceso de remedios administrativos, una decisión de Corrección no es final y revisable por este Tribunal hasta que el (o la) Coordinador(a) resuelva la "reconsideración".  Véase, por ejemplo, Sentencia de 30 de junio de 2016, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201600453.

Por tanto, este Tribunal no tiene jurisdicción para revisar las respuestas iniciales emitidas por el (o la) "Evaluador(a)" a las solicitudes de remedios administrativos presentadas por un miembro de la población correccional.  En vez, el confinado debe esperar a tener una decisión del (o la) Coordinador(a), la cual, de ordinario, sí sería revisable ante este Tribunal.

El Reglamento 8583 de Corrección (*Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*) ("Reglamento 8583") dispone, ante una solicitud de remedio, que un "Evaluador" de Corrección emitirá una "Respuesta", en la cual "contesta la solicitud de[] remedio".  Regla IV (20) del Reglamento 8583, *supra.*

De dicha respuesta, el confinado puede solicitar "revisión" a un "Coordinador", quien deberá emitir una "Resolución" que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada".  Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra.*

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia".  3 LPRA 9672.

Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 9654; *Comisionado Seguros v. Universal,* 167 DPR 21 (2006); véase, además, *Bennett v. Spear,* 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Según se puede apreciar del esquema reglamentario adoptado por Corrección, la "respuesta" del (o la) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Como cuestión reglamentaria, y en la práctica, estas "respuestas" no contienen determinaciones de hecho ni conclusiones de derecho. Más importante aún, el Reglamento contempla que el confinado solicite la revisión de dicha respuesta a un "Coordinador", quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho.

Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal. Así lo resolvió este Tribunal, también, en *Rosario Vega v. Departamento de Corrección,* KLRA201600643, Sentencia de 30 de junio de 2016.

No tiene importancia ni pertinencia el que Corrección haya (mal) denominado el recurso de revisión al Coordinador como una "reconsideración". La realidad es que, sustantivamente, se trata de una apelación administrativa interna, sin lo cual no puede hablarse de que Corrección haya emitido una decisión final revisable ante este Tribunal. Véanse, por ejemplo, *Constructora Celta, Inc. v. A.P.*, 155 DPR 820 (2001); *Bird Const. Corp.*, *supra*.

En la medida que el Reglamento 8583, *supra*, contiene disposiciones que "permiten" que este Tribunal revise una respuesta emitida por un(a) Evaluador(a) (sea porque no se presentó la "revisión" o "reconsideración" ante el (o la) Coordinador(a), o porque el (o la) Coordinador(a) no la consideró oportunamente o la denegó de plano, sin las determinaciones de hecho y conclusiones de derecho correspondientes), las mismas son nulas, pues son contrarias al mandato de ley según el cual, como explicamos arriba, este Tribunal solamente puede revisar cierto tipo de decisiones "finales" de una agencia.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un

defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

III.

Surge de lo expuesto por el Recurrente que, al momento de este suscribir el recurso (27 de febrero), no había recibido determinación alguna del(a) Coordinador(a) en relación con la Reconsideración (presentada a finales de enero). Por tanto, según arriba expuesto, no tenemos jurisdicción para considerar el recurso de referencia, pues el mismo es prematuro.

Por los fundamentos anteriormente expuestos, se desestima el recurso que nos ocupa.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones