Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSEPH ACEVEDO MALDONADO | | |
|---|---|---|
| Recurrente | | *Revisión* procedente del Departamento de Corrección y Rehabilitación |
| v. | KLRA202400240 | |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | Respuesta de Reconsideración B-11-24 |
| Agencia Recurrida | | Renovación de Medicamentos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2024.

Por derecho propio, un integrante de la población correccional solicita que intervengamos con una supuesta determinación relacionada con sus medicamentos. No obstante, al no acreditarse que este Tribunal tenga jurisdicción sobre asunto alguno de su competencia, se desestima el recurso de referencia. Veamos.

El Sr. Joseph Acevedo Maldonado (el "Recurrente") afirmó que, supuestamente, presentó una Solicitud de Remedio Administrativo (la "Solicitud") ante el Departamento de Corrección y Rehabilitación ("Corrección"). Según el Recurrente, la situación llevada a la atención de Corrección es la siguiente.

El Recurrente ingresó a "la institución de Bayamón 501" en diciembre de 2023 y, "días después", el "doctor O'Ferran Gil solo [le] renovó una Benadryl 50 cuando [su] psiquiatra [le] había recetado 2 Benadryl diarias". Aduce que el referido doctor no le "renov[ó]" el "Tylenol 650" que su "fisiatra" le había recetado, ni "la Prilocet".

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.

(b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus*, pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

Resaltamos que, en conexión con el proceso de remedios administrativos, una decisión de Corrección no es final y revisable por este Tribunal hasta que el (o la) Coordinador(a) resuelva la "reconsideración". Véase, por ejemplo, Sentencia de 30 de junio de 2016, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201600453.

Por tanto, este Tribunal no tiene jurisdicción para revisar las respuestas iniciales emitidas por el (o la) "Evaluador(a)" a las solicitudes de remedios administrativos presentadas por un miembro de la población correccional. En vez, el confinado debe esperar a tener una decisión del (o la) Coordinador(a), la cual, de ordinario, sí sería revisable ante este Tribunal.

El Reglamento 8583 de Corrección (*Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*) ("Reglamento 8583") dispone, ante una solicitud de remedio, que un "Evaluador" de Corrección emitirá una "Respuesta", en la cual "contesta la solicitud de[] remedio". Regla IV (20) del Reglamento 8583, *supra*.

De dicha respuesta, el confinado puede solicitar "revisión" a un "Coordinador", quien deberá emitir una "Resolución" que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la

controversia planteada". Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra.*

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho ... [y] conclusiones de derecho ...". 3 LPRA 9654; *Comisionado Seguros v. Universal,* 167 DPR 21 (2006); véase, además, *Bennett v. Spear,* 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Según se puede apreciar del esquema reglamentario adoptado por Corrección, la "respuesta" del (o la) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Como cuestión reglamentaria, y en la práctica, estas "respuestas" no contienen determinaciones de hecho ni conclusiones de derecho. Más importante aún, el Reglamento contempla que el confinado solicite la revisión de dicha respuesta a un "Coordinador", quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho.

Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal. Así lo resolvió este Tribunal, también, en *Rosario Vega v. Departamento de Corrección*, KLRA201600643, Sentencia de 30 de junio de 2016.

No tiene importancia ni pertinencia el que Corrección haya (mal) denominado el recurso de revisión al Coordinador como una "reconsideración". La realidad es que, sustantivamente, se trata de una apelación administrativa interna, sin lo cual no puede hablarse de que Corrección haya emitido una decisión final revisable ante este Tribunal. Véanse, por ejemplo, *Constructora Celta, Inc. v. A.P.*, 155 DPR 820 (2001); *Bird Const. Corp.*, *supra.*

En la medida que el Reglamento 8583, *supra*, contiene disposiciones que "permiten" que este Tribunal revise una respuesta emitida por un(a) Evaluador(a) (sea porque no se presentó la "revisión" o "reconsideración" ante el (o la) Coordinador(a), o porque el (o la) Coordinador(a) no la consideró oportunamente o la denegó de plano, sin las determinaciones de hecho y conclusiones de derecho correspondientes), las mismas son nulas, pues son contrarias al mandato de ley según el cual, como explicamos arriba, este Tribunal solamente puede revisar cierto tipo de decisiones "finales" de una agencia.

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud. Véase, por ejemplo, *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013).

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito

aplicable al recurso instado ante nosotros. *Soto Pino, supra.* El hecho de que el Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

El escrito presentado ante nosotros por el Recurrente incumple de forma sustancial con los requisitos reglamentarios potencialmente aplicables. Véase, por ejemplo, 4 LPRA Ap. XXII-B, R. 55-59. En efecto, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre su solicitud. No acredita que Corrección haya emitido una decisión, mucho menos una revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal decisión.

Además, el Recurrente incumplió con el requisito de someter un apéndice con copia de los documentos necesarios para colocarnos en posición de poder revisar la decisión cuestionada. Era necesario que el Recurrente acompañara todo escrito, resolución u orden que formara parte del expediente administrativo y que fuera pertinente a la controversia planteada en su recurso, incluidos los que nos permitieran determinar si tenemos jurisdicción para entender sobre su solicitud. El Recurrente no acompañó anejo alguno con su recurso.

En fin, el Recurrente no acreditó que exista, ni hizo referencia a, una decisión revisable de Corrección. Tampoco acreditó que, de existir la misma, el recurso se hubiese presentado dentro del término aplicable.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones