Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARLOS J. SILVA GALINDO | | Revisión procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| Recurrente | | |
| v. | TA2025RA00368 | |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | Respuesta de Reconsideración: CDB-56-25 |
| Agencia Recurrida | | Sobre: Tabla Liquidación de Sentencia |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Como se explica a continuación, procede la desestimación del recurso de referencia, pues el recurrente no acreditó que la agencia recurrida haya emitido una decisión final que sea revisable por este Tribunal. Veamos.

I.

En **enero de 2025**, el Sr. Carlos Juan Silva Galindo (el "Recurrente"), miembro de la población correccional, presentó una Solicitud de Remedio Administrativo (la "Solicitud") ante el Departamento de Corrección y Rehabilitación ("Corrección"). Solicitó una "tabla de liquidación de sentencia con el nuevo cómputo realizado el 8 de octubre de 2024 (sentencia de secuestro)".

Corrección, a través de una Evaluadora, le notificó al Recurrente, en **febrero** de 2025, una Respuesta mediante la cual se le informó que no había una "liquidación de sentencia nueva", sino que únicamente se había preparado una "certificación" especial

para, y según solicitado por, la Junta de Libertad Bajo Palabra (la "Junta").

En **agosto** de 2025, el Recurrente suscribió una *Solicitud de Reconsideración*. Insistió en que era "necesario que se realice una nueva liquidación de sentencia" para saber la fecha en que sería "elegible para ser evaluado por la Junta".

A principios de septiembre, Corrección acogió la referida reconsideración. No obstante, **no surge de los anejos presentados por el Recurrente que Corrección haya adjudicado la misma**.

Por su parte, surge de los anejos presentados por el Recurrente que, en **diciembre de 2024**, la Junta emitió una Resolución. Según dicha Resolución, el Recurrente fue sentenciado a 355 años por asesinato (seis casos), tentativa de asesinato, asesinato en segundo grado, robo, apropiación ilegal agravada (tres casos), tentativa de fuga (dos casos), recibo y transportación de bienes apropiados ilegalmente, amenazas, restricción de libertad agravada, conspiración, amenazas o tentativas contra funcionarios del sistema de justicia o sus familiares, violaciones a la Ley de Armas, **y dos casos de secuestro, "ambos con penas de 90 años, que son delitos excluyentes conforme la nueva Ley 85-2024"**.

La Junta explicó que le había solicitado a Corrección una *Certificación de Cumplimiento de los delitos excluidos por la Ley Núm. 85-2024* (entiéndase, en este caso, los dos casos de secuestro). La Junta tomó nota de que Corrección había expedido una certificación (de 8 de octubre de 2024), de la cual surge que el Recurrente "cumplirá los dos (2) casos de secuestro el 1 de febrero de 2045". Por tanto, la Junta concluyó que carecía de jurisdicción para evaluar al Recurrente.

El 10 de noviembre de 2025, el Recurrente, por derecho propio, presentó el recurso que nos ocupa. En esencia, plantea que no ha podido corroborar que sea "correcta" la fecha en que

Corrección le informó a la Junta que extinguiría su sentencia por los delitos de secuestro (febrero de 2045).  Disponemos.

II.

En conexión con el proceso de remedios administrativos, una decisión de Corrección no es final y revisable por este Tribunal hasta que el (o la) Coordinador(a) resuelva la "reconsideración".  Véase, por ejemplo, Sentencia de 30 de junio de 2016, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201600453.

Por tanto, este Tribunal no tiene jurisdicción para revisar las respuestas iniciales emitidas por el (o la) "Evaluador(a)" a las solicitudes de remedios administrativos presentadas por un miembro de la población correccional.  En vez, el confinado debe esperar a tener una decisión del (o la) Coordinador(a), la cual, de ordinario, sí sería revisable ante este Tribunal.

El Reglamento 8583 de Corrección (*Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*) ("Reglamento 8583") dispone, ante una solicitud de remedio, que un "Evaluador" de Corrección emitirá una "Respuesta", en la cual "contesta la solicitud de[] remedio".  Regla IV (20) del Reglamento 8583, *supra*.

De dicha respuesta, el confinado puede solicitar "revisión" a un "Coordinador", quien deberá emitir una "Resolución" que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada".  Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra*.

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia".  3 LPRA sec. 9672.  Asimismo, la Ley de la Judicatura (Ley 201), dispone en

su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Según se puede apreciar del esquema reglamentario adoptado por Corrección, la "respuesta" del (o la) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Como cuestión reglamentaria, y en la práctica, estas "respuestas" no contienen determinaciones de hecho ni conclusiones de derecho. Más importante aún, el Reglamento contempla que el confinado solicite la revisión de dicha respuesta a un "Coordinador", quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho.

Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal. Así lo resolvió este Tribunal, también, en *Rosario Vega v. Departamento de Corrección*, KLRA201600643, Sentencia de 30 de junio de 2016.

No tiene importancia ni pertinencia el que Corrección haya (mal) denominado el recurso de revisión al Coordinador como una "reconsideración".  La realidad es que, sustantivamente, se trata de una apelación administrativa interna, sin lo cual no puede hablarse de que Corrección haya emitido una decisión final revisable ante este Tribunal.  Véanse, por ejemplo, *Constructora Celta, Inc. v. A.P.*, 155 DPR 820 (2001); *Bird Const. Corp., supra.*

En la medida que el Reglamento 8583, *supra*, contiene disposiciones que "permiten" que este Tribunal revise una respuesta emitida por un(a) Evaluador(a) (sea porque no se presentó la "revisión" o "reconsideración" ante el (o la) Coordinador(a), o porque el (o la) Coordinador(a) no la consideró oportunamente o la denegó de plano, sin las determinaciones de hecho y conclusiones de derecho correspondientes), las mismas son nulas, pues son contrarias al mandato de ley según el cual, como explicamos arriba, este Tribunal solamente puede revisar cierto tipo de decisiones "finales" de una agencia.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia.  *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).  La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay.  *Íd.*  Los tribunales debemos ser celosos guardianes de nuestra jurisdicción.  *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).  Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo.  *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999).  Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un

defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

### III.

El recurso de referencia incumple de forma sustancial con los requisitos de nuestro Reglamento, cuyo cumplimiento era necesario para su consideración. Véanse, por ejemplo, Reglas 57-59 del Reglamento del Tribunal de Apelaciones, *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR \_\_\_\_\_.

La Regla 57 de nuestro Reglamento, *supra*, establece que el término para presentar el recurso de revisión es de "**treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia" (énfasis suplido). Dicho término es de carácter **jurisdiccional**, por lo cual no puede ser prorrogado por justa causa. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

Por su parte, quien acude ante este Tribunal tiene la **obligación de colocarnos en posición de poder determinar si tenemos jurisdicción** para entender en el asunto y para revisar la determinación de la cual se recurre. *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-1 (2013).

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito en las leyes y reglamentos aplicables al recurso instado ante nosotros. *Soto Pino v. Uno Radio Group, supra.* El hecho de que el

Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

El escrito presentado ante nosotros por el Recurrente incumple de forma sustancial con los requisitos reglamentarios aplicables. En primer lugar, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre el recurso. No acredita que Corrección haya emitido una decisión, mucho menos una revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal decisión.

En segundo lugar, el recurso presentado no expone adecuadamente los hechos o el derecho que podrían apoyar la solicitud del Recurrente. Así pues, se incumplió también con el requisito de incluir una relación fiel y concisa de los hechos procesales y materiales del caso y una referencia adecuada al derecho que podría sustentar el planteamiento del Recurrente.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR _____.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones